UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7342-GW(ASx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | *Xochitl Nisbet v. Am. Nat'l Red Cross, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     ORDER DENYING EX PARTE MOTION TO REMAND

     On August 30, 2016, Xochitl Nisbet ("Plaintiff") filed this action in Los Angeles Superior Court against American National Red Cross ("Red Cross"), American Red Cross of Greater Los Angeles ("Los Angeles Chapter"), and Ausanta Nebbitt ("Nebbitt") (collectively, "Defendants"). *See* Decl. of Theresa Marchlewski ("Marchlewski Decl.") Ex. A, Docket No. 1-1 at page 6 (Complaint). The Complaint asserts nine causes of action relating to Plaintiff's employment with the Red Cross and alleged wrongful termination, including (1) breach of express contract; (2) breach of the covenant of good faith and fair dealing; (3) wrongful termination in violation of public policy; (4) violation of the California Constitution; (5) violation of California Government Code § 12900 *et seq.*; (6) violation of California Business & Professions Code § 17200; (7) fraud; (8) intentional infliction of emotional distress; and (9) violation of the California Labor Code. *Id.* The causes of action are based on allegations that Defendants discriminated against Plaintiff based on her gender and marital status, resulting in her wrongful termination and causing her emotional distress. *Id.*

     On September 29, 2016, Defendants removed the case to this Court. *See generally* Notice of Removal, Docket No. 1. On October 12, 2016, the Court set a scheduling conference for November 7, 2016. *See* Docket No. 10. On October 18, 2016, Plaintiff filed an *ex parte* Motion to Remand. *See* Mot. to Remand ("Mot."), Docket No. 15. On October 19, 2016, Defendants filed an Opposition to the *ex parte* Motion, *see* Opp'n, Docket No. 18, to which Plaintiff replied, *see* Reply, Docket No. 19.

     As a preliminary matter, Plaintiff has improperly sought relief from this Court on an *ex parte* basis. "The 'opportunities for legitimate *ex parte* applications are extremely limited.'" *Horne v. Wells Fargo Bank, N.A.*, 969 F.Supp.2d 1203, 1205 (C.D. Cal. 2013) (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). "The use of such a procedure is justified only when (1) there is a

                                                                                                          :

                                   Initials of Preparer     JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7342-GW(ASx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | *Xochitl Nisbet v. Am. Nat'l Red Cross, et al.* | | |

threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion." *Id.* Here, Plaintiff has not provided any of the above justifications for seeking *ex parte* relief.

In any event, Plaintiff's Motion fails on the merits as well. First, Plaintiff contends that the case should be remanded because the Notice of Removal and the Declaration of Defendants' counsel in support of removal "fails[] to state the exact date the Complaint was served on all Defendants." *See* Mot. at 7:22-8:2. However, the supporting Declaration states that the Red Cross, the removing party, was served with the Complaint on August 30, 2016. *See* Decl. of Theresa M. Marchlewski ¶ 2, Docket No. 1-1. Moreover, the Declaration attaches the Complaint and Summons, both of which are dated August 30, 2016. *Id.* Ex. A, Docket No. 1-1 at page 4 (Summons) and page 6 (Complaint). As such, Plaintiff's argument is without merit.

Second, Plaintiff contends that the Court must remand the case pursuant to 28 U.S.C. § 1445(c). Section 1445(c) provides that "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). "The term 'arising under' in the context of § 1445(c) has the same meaning as 'arising under' in 28 U.S.C. § 1331." *Snelling Emp't, LLC v. Cousins Packaging, Inc.*, No. 14-cv-5018-RMW, 2015 WL 328402, *1 (N.D. Cal. Jan. 23, 2015) (citations omitted); *see also Hamblin v. Coinstar, Inc.*, No. Civ. S-07-1258 WBS KJM, 2007 WL 4181822, *1 (E.D. Cal. Nov. 21, 2007). Under § 1331, a claim "arises under" federal law "if it is apparent from the face of the complaint either that (1) federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim." *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1142-43 (9th Cir. 2000). Therefore, for purposes of § 1445(c), "a civil action 'arises under' a state's workers'-compensation law when the worker's compensation law creates the plaintiff's cause of action or is a necessary element of the claim." *Snelling Emp't*, 2015 WL 328402, at *1 (internal quotations and citations omitted).

In *Snelling Employment*, the court determined that the case, which was brought by an employee injured at work, arose under California's workers' compensation law because the complaint alleged a violation of California Labor Code § 3852, which is codified in Division 4 of the Labor Code, entitled Workers' Compensation and Insurance. *Id.* at *1; *see also Zurich Am. Ins. Co.*, 242 F.Supp.2d at 737-38 (emphasizing that § 3852 "is explicitly codified as part of [California's] workers' compensation laws").

Here, the Complaint's ninth cause of action alleges a violation of the California Labor Code, but does not cite to any specific provision. *See* Compl. ¶¶ 78-84, Docket No. 1-1 at pages 22-23. The cause

|  | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7342-GW(ASx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | *Xochitl Nisbet v. Am. Nat'l Red Cross, et al.* | | |

of action alleges that Defendants failed to compensate Plaintiff for hours worked and reduced her work hours without her permission. *Id.* The Complaint raises no allegations that Plaintiff was injured at work or that she is somehow entitled to workers' compensation. *See* Cal. Lab. Code § 3207 (defining workers' compensation as "[e]very benefit or payment conferred by this division upon an injured employee, or in the event of his or her death, upon his or her dependents, without regard to negligence"). As such, it is not apparent from the face of the Complaint that California's workers' compensation laws create Plaintiff's cause of action or are a necessary element of her claim. *See Morra v. Ryder Truck Rental*, No. 1:11cv01992 AWI DLB, 2012 WL 486957, *5 (N.D. Cal. Feb. 14, 2012) (denying remand in wrongful termination case where complaint did not cite to any section of the Labor Code codified in Division 4, emphasizing that "wrongful termination is an independent common law tort that can be based on *any* public policy" (emphasis in original), and that the court would "not be required to construe California's workers' compensation laws in deciding Plaintiff's wrongful termination claim"); *Rhodes v. Costco Wholesale Corp.*, No. 09-cv-2896 H(JMA), 2010 WL 744390, *2 (S.D. Cal. Mar. 3, 2010) (denying remand motion because California's workers' compensation laws were not a necessary element of plaintiff's employment discrimination and FEHA retaliation claims).

      Third, Plaintiff argues that the Court should abstain from exercising jurisdiction because "there is a state interest and statutory scheme (FEHA) in place which permits Plaintiff to choose the venue." *See* Mot. at 10:1-11:22. Plaintiff appears to be arguing that because the Fair Employment and Housing Act "afford[s] a wide choice of venue to persons who bring actions," the person bringing the action is entitled to choose venue. Plaintiff cites to no authority supporting her contention, nor is the Court aware of any. In any event, the Court may properly exercise jurisdiction over the instant case because the Red Cross is a party. *See Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 257 (1992) (holding that the Red Cross's federal charter confers federal jurisdiction over cases brought by or against it).

      For the foregoing reasons, Plaintiff's *ex parte* Motion to Remand is DENIED.

      :

Initials of Preparer    JG